# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **STERLEN RAMSEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action: _____** |
| ) | |
| **TRUEACCORD CORP and** ) | |
| **CASCADE CAPITAL, LLC.,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692(d) and 28 U.S.C. § 1331 and 1337.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communication and activities impacted Plaintiff within this District;

   b. Defendants do or did transact business within this District; and

   c. Plaintiff resides in this district.

## PARTIES

4. Plaintiff Sterlen Ramsey ("Plaintiff") is a natural person over the age of eighteen and resides in Boaz, Alabama

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Cascade Capital, LLC ("Cascade") is an entity who acquires debts in default solely for collection purposes, and at all relevant times was engaged, directly or indirectly, in the business of attempting to collect debts from Plaintiff and others. Plaintiff is of the information, knowledge and belief that Cascade is a for-profit corporation organized in Delaware, with its principle office located at 1383 North McDowell Boulevard, Suite 210, Petaluma, CA 95954 with Lee Brockett as Managing Director; although Defendant transacts business in the state of Alabama, Cascade does not maintain a registered agent for the state of Alabama; Plaintiff is of the information, knowledge and belief Cascade maintains Harvard Business Services, Inc. 16192 Costal Highway, Lewes, DE 19958 as its registered agent for service of process in Delaware.

7. Defendant TrueAccord, Corp. ("TrueAccord") is a "debt collector" as defined by 15 U.S.C. § 1692a(6). TrueAccord is an entity which at all relevant times was engaged, by use of the mails, telephone and electronic mail, in the business of attempting to collect a "debt" from Plaintiff, and putative class members.

2

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due Cascade.

9. Plaintiff's alleged obligation arises from a personal purpose.

10. Defendants have operated as a common enterprise while engaging in the unlawful acts and practices alleged below.

11. Cascade purchased debts once owed or once due, or asserted to be once owed or once due a creditor.

12. Cascade acquired the debts after default.

13. Cascade retained TrueAccord to collect Plaintiff's debt on its behalf.

14. Defendants have operated as a common enterprise making each of them jointly and severally liable for the acts and practices alleged below.  Defendant Cascade has formulated, directed, controlled, had the authority to control, or participated in the act and practices of the TrueAccord that constitute the common enterprise.

15. Defendants use instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of any debts, and/or regularly collect or attempts to collect, directly, indirectly, debts owed or due, or asserted to be owed or due, another.

16. In connection with the collection of the Debt, Defendants sent Plaintiff numerous written communications via electronic mail.

17. Since June of 2016 through July of 2017, Defendants have send over 20 emails to Plaintiff attempting to collect a time barred debt. Each time an email was received, Plaintiff was caused to waste time reading, deleting, or otherwise dealing with the unwanted emails.

18. On information and belief, none of the emails contained an "unsubscribe" link.

19. Defendants' initial communication with Plaintiff did not properly notify plaintiff of his rights under the FDCPA.

20. By failing to state that the consumer's dispute of the debt, or any portion thereof, must be in writing, Defendants failed to meaningfully convey the statement required by 15 U.S.C. § 1692g(a)(4).

21. By failing to state that the consumer's request for the name and address of the original creditor must be in writing, Defendants failed to meaningfully convey the statement required by 15 U.S.C. § 1692g(a)(5).

22. Defendants were attempting to collect barred by Alabama's statute of limitations such that Plaintiff had no legal obligation to pay the debt.

23. The Email sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes.

24.  Additionally, Defendants sent Plaintiff a collection email on March 27, 2017 wherein it states: "If you do not address it soon, we will escalate our collection efforts."

25.  Nowhere does this Email disclose that the debt is barred by the statute of limitations, that the consumer has no legal obligation to pay anything or that by agreeing to pay even a portion of the debt, the consumer would revive the entire debt.

26.  Defendants engaged in unfair and false acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning consumers on time-barred debts without disclosure of that fact.

27.  The nondisclosure is exacerbated by the threat to "escalate our collection efforts."  Such language implies Defendants may take legal action. Statements in the communication that "we will escalate our collection efforts" falsely represents that (a) the full balance is enforceable, (b) the current offer represents an improvement on the position that the consumer is in (when the fact she is not required to pay anything on a time-barred debt), and (c) failure to respond will lead to legal action to enforce the full balance.

28.  15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general

application of the foregoing, the following conduct is a violation of this section….

(2) The false representation of –

(A) the character, amount, or legal status of any debt… [or]

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken… [or]

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…

29. 15 U.S.C. § 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt….

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)

30. Plaintiff repeats and re-alleges each and every factual allegation of this Complaint.

31. Defendants violated 15 U.S.C. § 1692g(a)(4) by failing to meaningfully convey the statement required by section 1692g(a)(4) in its initial communication with Plaintiff, or in writing within five days thereafter.

32. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692 g(a)(5)

33. Plaintiff repeats and re-alleges each and every factual allegation of this Complaint. Defendants violated 15 U.S.C. § 1692g(a)(5) by failing to meaningfully convey the statement required by section 1692g(a)(5) in its initial communication with Plaintiff, or in writing within five days thereafter.

34. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e

35. Plaintiff repeats and re-alleges each and every factual allegation of this Complaint.

36. Section 807 of the FDCPA, 15 U.S.C. § 1692e(2) & (10) prohibits debt collectors from using any false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt.

37. Defendants falsely represented the character, amount and legal status of the debt through its Email in violation of 15 U.S.C. § 1692e.

38. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f

39. Plaintiff repeats and re-alleges each and every factual allegation of this Complaint.

40. Section 807 of the FDCPA, 15 U.S.C. § 1692f, provides in relevant part: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

41. The acts and practices complained in this Complaint constitute unfair and unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f.

42. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

### COUNT IV
### (CLASS ACTION ALLEGATIONS)

43. Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

44. Plaintiff prays that this court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23(b)(3), and realleges and incorporates by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

45. Plaintiff brings this claim on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

46. The class consists of all individuals in the United States of America to whom Defendants sent an electronic communication in substantially the same form as the emails by or on behalf of Defendants, within one year prior to the filing of this action.

47. On information and belief, the class is so numerous that joinder of all members is not practicable.

48. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common questions are (a) whether Defendants' attempts to collect time-barred debts without disclosure of that fact and (b) whether such practice violates the FDCPA.

49. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

50. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

51. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible,

    b. Members of the class are likely to be unaware of their rights, and

    c. Congress intended class actions to be the principle enforcement mechanism under the FDCPA.

52. The class is so numerous, that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to the class relating to the conduct of the defendants regarding said claims. Plaintiff further avers

that their claims or defenses, as representative of the class, are typical of the class. Plaintiff further avers that in a representative capacity she will fairly and adequately protect the interest of the class.

53. Each class member has, or has been subjected to collection activity in violation of the FDCPA because the defendants have or have attempted to collect time barred debt from class members using the same of substantially similar deceptive language.

54. Names and addresses of class members are presently unknown to plaintiff, but can be readily ascertained from the defendants' business records.

55. Common or similar issues of law and fact predominate over individual issues. These common issues include, but are not limited to the following:

    a. Whether Defendants violated the FDCPA by sending the emails at issue;

    b. What is the appropriate remedy for Defendants' violations of the FDCPA?

56. Proof of common facts and legal doctrines by the representative plaintiff will determine the claims of each member of the class.

57. This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and

efficient adjudications of the controversy.

58. The named representative's claims are typical and representative of the class.

59. It is and was the uniform practice of Defendants to attempt debt collection that was in violation of the FDCPA as stated in the above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, asks that this Court enter judgment in her favor and in favor of the members of the class and against Defendants, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g(a)(4) with respect to Plaintiff;

b) Adjudging that Defendants violated 15 U.S.C. § 1692g(a)(5) with respect to Plaintiff;

c) Adjudging that Defendants violated 15 U.S.C. § 1692g1692e(2) & (10) with respect to Plaintiff;

d) Adjudging that Defendants violated 15 U.S.C. § 1692g1692f with respect to Plaintiff;

e) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692(a)(1);

f) Awarding Plaintiff such additional damages as the Court may allow, in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

g) Awarding Plaintiff, reasonable attorney's fees, and costs incurred in

this action, pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

h) Awarding Plaintiff, any pre-judgment and post-judgment interest as may be allowed under the law;

i) Awarding such other and further relief as the Court deems just and proper.

*/s/Earl P. Underwood, Jr.*
Earl P. Underwood, Jr.
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, AL 36532
Telephone: 251-990-5558
Email: epunderwood@alalaw.com

Franklin H. Eaton
374 Union Chapel Road
Northport, AL 35473-7502
Telephone: 256-738-4730
Email: franklineatonjr@mac.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER.**

*/s/ Earl P. Underwood, Jr.*
Earl P. Underwood, Jr.

Defendants to be served by Certified Mail as follows:

Cascade Capital, LLC.
1552 Childress Drive
Atlanta, GA 30311

TrueAccord Corp.
c/o Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, Alabama 36104